IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> GRETCHEN SCHULEMAN, JAMES J. CHILDERS, AND MICHAEL G. CHILDERS <br><br> Defendants. | § § § § § § § § § § § § § § CIVIL ACTION NO. 5:25-cv-00714 |

## ORIGINAL COMPLAINT IN INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife") files this Original Complaint In Interpleader ("Complaint") and states:

### NATURE OF THE ACTION

1. This is an interpleader action arising out of conflicting claims made by Defendants Gretchen Schuleman, James J. Childers, and Michael Childers for basic life insurance benefits payable under the General Motors Corporation Life and Disability Benefits Program (the "Plan"), by reason of the death of James Griffin Childers ("Decedent"), a retired union employee of General Motors. The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

### PARTIES

2. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is licensed to do business in the State of Texas.

3. Defendant Gretchen Schuleman ("Gretchen") is the daughter of Decedent. Gretchen be served with the summons and this Complaint at her residence located at 83 Simsbury,

1

San Antonio, Texas 78230, or wherever she may be found.

4. Defendant James J. Childers is one of the sons of Decedent ("James"). James may be served with the summons and this Complaint at his residence located at 74 Lardner Court, Tonawanda, New York 14150, or wherever he may be found.

5. Defendant Michael G. Childers is the other son of Decedent ("Michael"). Michael may be served with the summons and this Complaint at his residence located at 292 Tonawanda Creek Road, Amherst, New York 14228, or wherever he may be found.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action arises under ERISA, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because one of the Defendants resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

8. Decedent was an employee of General Motor and a participant in the Plan, which is funded by group insurance policy issued by MetLife to General Motors.

9. Decedent died on November 7, 2024. At the time of his death, Decedent had basic life insurance benefits under the Plan in the amount of $41,821 ("Plan Benefits").

10. The last paper beneficiary designation on file completed by Decedent is dated June 23, 2012, and names Gretchen, James, and Michael as the beneficiaries in equal shares. Claim forms were sent to Gretchen, James, and Michael for completion.

11. Subsequently, Gretchen contacted MetLife and advised MetLife that Decedent had changed his beneficiary designation on September 23, 2024 via phone on a recorded line naming her as the sole beneficiary. Gretchen stated that she was sitting next to her father, who had the call on a speaker phone, when the change was made.

12. MetLife obtained a copy of the September 23, 2024 recorded call, as well as a written transcript, wherein Decedent stated that he was changing the beneficiary of his basic life insurance coverage. Decedent and Gretchen were both on the phone call and Decedent changed the beneficiary to Gretchen as the sole beneficiary of the Plan Benefits. A true and correct copy of the transcription is attached hereto as Exhibit "A", except that personal and confidential information has been redacted.

13. Michael challenged the change of beneficiary stating that Decedent was not competent on September 23, 2024 to make a beneficiary change and even if Decedent was competent to make such a change, the change was made under undue influence or coercion.

14. Because of the rival claims, on February 4, 2025, MetLife sent Gretchen, James, and Michael a letter notifying them of the conflicting claims. MetLife advised Defendants in the letter that it could not tell whether a court would determine that the September 23, 2024 designation made over the phone was a valid designation or not. If the court was to determine that the September 23, 2024 designation was valid, then Gretchen would be entitled to all the Plan Benefits and if it was not valid, the Plan Benefits would be payable to the three Defendants in equal shares in accordance with 2012 designation. A true and correct copy of the letter is attached hereto as Exhibit "B."

15. In the letter, MetLife gave Defendants an opportunity to attempt to resolve their conflicting claims amicably to preserve the Plan Benefits from litigation costs and fees. MetLife

stated that it must be informed in writing within 60 days of the date of its letter whether an amicable compromise of their claims could be reached. However, an agreement could not be reached between Defendants.

16. Because under either scenario, Gretchen is entitled to at least one/third of the Plan Benefits, MetLife has paid Gretchen $13,940.34 of the Plan Benefits, plus interest.

17. MetLife files this Complaint in Interpleader for the Court to determine the proper beneficiary or beneficiaries as to the remaining Plan Benefits in the amount of $27,880.67 (the "Remaining Plan Benefits").

## CAUSE OF ACTION IN INTERPLEADER

18. MetLife incorporates paragraphs 1 through 17 by reference as if fully set forth herein.

19. This action involves bona fide competing claims by Defendants to the Remaining Plan Benefits, and these competing claims expose MetLife, General Motors, and the Plan to multiple liabilities.

22. MetLife, as a mere stakeholder, states that the Remaining Plan Benefits are payable to the proper beneficiary or beneficiaries and it respectfully requests that the Court determine the proper beneficiary or beneficiaries entitled to receive the Benefits.

23. MetLife is ready, willing, and able to pay the Remaining Plan Benefits into the registry of the Court and is unconditionally tendering the Remaining Plan Benefits to the Court.

24. MetLife will immediately file a motion seeking the entry of an order to deposit the Remaining Plan Benefits into the registry of the Court for disbursement in accordance with the judgment of this Court.

25. MetLife has not brought this interpleader action at the request of any Defendant and no fraud or collusion exists between MetLife and any or all of the Defendants. MetLife has brought this interpleader action of its own free will and to avoid conflicting and multiple claims of liability.

26. MetLife is entitled to recover its attorney's fees and costs, which it seeks to recover from the Remaining Plan Benefits and/or the Defendants.

WHEREFORE, Metropolitan Life Insurance Company requests the Court:

(i) Restrain and enjoin Defendants from instituting any action or proceeding in any state or United States court against MetLife, General Motors, or the Plan for recovery of the Plan Benefits plus any applicable interest, by reason of the death of Decedent;

(ii) Require that Defendants settle and adjust between themselves their claims for the Remaining Plan Benefits, or upon their failure to do so, that this Court determine to whom the Remaining Plan Benefits, plus any applicable interest should be paid;

(iii) Permit MetLife to pay the Remaining Plan Benefits, plus any applicable interest, into the registry of the Court, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, General Motors, and the Plan from any further liability;

(iv) Award MetLife its attorney's fees and costs from the Remaining Plan Benefits and/or Defendants; and

(v) Award such other and further relief to which MetLife is entitled in law or equity, as this Court deems just and proper.

       Respectfully submitted,


       */s/ Linda G. Moore*
       Linda G. Moore
       State Bar No. 14359500
       ESTES THORNE EWING & PAYNE PLLC
       3811 Turtle Creek Blvd. Suite 2000
       Dallas, Texas  75219
       (214) 599-4000
       (214) 599-4099 (telecopy)
       lmoore@estesthorne.com

       ATTORNEY FOR PLAINTIFF
       METROPOLITAN LIFE INSURANCE
       COMPANY